UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DANIEL FRAZEE,

    Plaintiff

vs.                                                         C-1-06-811

COMMISSIONER OF SOCIAL SECURITY,

    Defendant

This matter is before the Court upon the Report and Recommendation of the United States Magistrate Judge (doc. no. 15), defendant's objections (doc. no. 16) and plaintiff's response thereto (doc. no. 17). The Magistrate Judge recommended that the decision of the Commissioner be found not supported by substantial evidence and **REVERSED**, with final judgment to be entered in favor of plaintiff, finding that he is entitled to supplemental security income with an award of benefits as of March 15, 1998.

**Plaintiff filed an application for DIB on January 21, 1995, alleging that he was disabled beginning on October 31, 1994. He was found disabled based on his mental impairments and entitled to disability benefits. However, in May 1998, the Agency found that plaintiff was no longer entitled to DIB, and his benefits ceased. (Tr. 398).[1]**

**Thereafter, plaintiff filed another application for disability benefits in October 1999, alleging an onset date of August 1, 1998, due to a combination of mental and physical impairments, including depression and chronic back pain caused by degenerative disc disease . (Tr. 63-65.) That application was denied initially and on reconsideration. Plaintiff then requested a hearing *de novo* before an ALJ. Evidentiary hearings, at which plaintiff was represented by counsel, were held on April 26, 2001 and October 16, 2001.**

---

[1] The Agency ceased plaintiff's benefits because he failed to attend a consultative examination as part of his continuous disability review. (Tr. 398-403.). Plaintiff, however, maintains that his benefits ceased after he attempted to return to work.

**Thereafter, on November 19, 2001, the ALJ issued a decision denying plaintiff's benefits. (Tr. 14-27.) On October 18, 2002, the Appeals Council denied further review. Plaintiff then timely appealed to this Court. On March 4, 2004, Magistrate Judge Sharon Ovington issued her Report and Recommendation ("R&R") remanding plaintiff's case for further consideration because the ALJ failed to rule on plaintiff's request for reopening his prior decision, or, in the alternative, having re-opened the prior decision, failed to apply the correct legal standard. The R&R was adopted, and the matter was remanded for further proceedings.**

**Judge Deborah Smith conducted three additional remand hearings on May 9, 2005, October 24, 2005, and February 13, 2006. (Tr. 529-578.) Plaintiff did not attend the October or February hearing upon the advice of his treating doctor and therapist because of the undue stress on his mental health. (Tr. 459, 528.) Both Vocational expert, Janet Rogers, and medical expert, Dr. Clyde Henderson, an orthopedic specialist, offered testimony at the October and February hearings. (Tr. 548, 578, 581, 594.).**

**On May 25, 2006, Judge Smith issued a decision denying plaintiff benefits. That decision stands as defendant's final determination consequent to denial of review by the Appeals Council on August 17, 2006. (Tr. 366-369.)**

**The defendant specifically objects to the Magistrate Judge's recommendation and finding that the ALJ erred by not giving controlling weight to the opinions and findings of plaintiff's treating physicians, Dr. Leeds, Dr. Heindl and Dr. Vivian. The defendant also specifically objects to the Magistrate Judge's suggestion that "obduracy" may be a proper basis for awarding benefits.**

**Judicial review of the Commissioner's decision is limited in scope by 42 U.S.C. § 405(g). The Court's sole function under the statute is to determine whether there is substantial evidence to support the Commissioner's findings of no disability. The Commissioner's findings should stand if, after a review of the record in its entirety, the Court finds that the decision is supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Mullen v. Sec. of HHS*, 800 F.2d 535**

(6th Cir. 1986); *Kirk v. Sec. of HHS*, 667 F.2d 524 (6th Cir. 1981), *cert. denied* 461 U.S. 957 (1983).

Upon a *de novo* review of the record, the Court finds that the Magistrate Judge has accurately set forth the controlling principles of law. Particularly, this Court agrees that the ALJ ignored the opinions of plaintiff's treating physicians and psychologists, which were supported, without satisfactory explanation; that Dr. Henderson had not reviewed the entire record and he was unaware that plaintiff had previously been receiving disability benefits for mental impairments; that Dr. Heindl's disability findings were not specifically addressed by the ALJ and the ALJ gave no reason for rejecting them; that Dr. Henderson stated that the MRI results in the record indicated plaintiff's physical condition was deteriorating but the ALJ rejected the opinions of the treating sources stating they were generally unreliable because they were based on plaintiff's complaints rather than on objective findings without a satisfactory explanation; that the ALJ rejected the opinion of Dr. Vivian because he did not treat plaintiff during the relevant time period but selectively gave controlling weight to the findings of Dr. Rosenthal made

during a consultative exam conducted after the relevant time period without a satisfactory explanation. Additionally, the ALJ relied on the opinions of state agency physicians who reviewed only portions of the record and failed to assess properly the decision that plaintiff was totally disabled by the Ohio Bureau of Workers Compensation.

This Court does agree that it is not its function to determine the facts and it is only proper to order the award of benefits where there is overwhelming proof of disability or strong proof of disability and evidence to the contrary lacking. This is a case in which strong proof of disability exists as determined by the Magistrate Judge, however, information of plaintiff's daily activities, findings of non-treating sources and his failure to appear at hearings does exist.

In this case, the ALJ failed to properly evaluate the opinions of plaintiff's treating sources and engaged in selective consideration of the medical evidence, specifically focusing on plaintiff's alleged drug-seeking behavior and physical impairments rather than the opinions of plaintiff's treating physicians and treating psychologists, his assertions of disabling pain and depression and his previous award of disability by the state agency.

When the ALJ rejects a treating physician's opinion, the ALJ must "give good reasons" for not giving weight to that opinion in the context of a disability determination. *Wilson v. Commissioner*, 378 F.3d 541, 544. Pursuant to 20 C.F.R. § 440.1527(d)(2), a decision denying benefits "must contain specific reasons for the weight given to the treating source's medical opinion supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." Soc. Sec. R. 96-2p, 1996 WL 374188, at *5 (1996); *see also Wilson*, 378 F.3d at 544.

This Court agrees with the objection of the defendant that obduracy cannot be the sole reason for an Order awarding benefits and accordingly modifies the Report. The determinative issue, however, is whether there is strong proof of disability and evidence to the contrary is lacking. There is information of plaintiff's daily activities, findings by non-treating sources and his refusal or inability to testify or attend the October or February hearings. More fact-finding is necessary. Thus, the proper course is to remand the case to the defendant for further proceedings as requested by the defendant.

Accordingly, the objections of the defendant (doc. no. 16) are **GRANTED IN PART AND DENIED IN PART**.  The Court **ADOPTS** the Report and Recommendation of the United States Magistrate Judge (doc. no. 15) that the final decision of the Commissioner denying plaintiff disability benefits is **NOT SUPPORTED BY SUBSTANTIAL EVIDENCE; however, the Court MODIFIES** the recommendation suggesting benefits be awarded.  The case is **REMANDED** under Sentence Four to the defendant for further proceedings according to law and this opinion.

This case is **TERMINATED** on the docket of this Court.

**IT IS SO ORDERED.**

                <u>s/Herman J. Weber</u>
                **Herman J. Weber, Judge**
                **United States District Court**