# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

DANIEL FRAZEE,      Case No. 1:06-cv-811

    Plaintiff,     Judge Herman J. Weber
                                      Magistrate Judge Timothy S. Black

vs.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

## REPORT AND RECOMMENDATION[1] THAT THE EAJA FEE PETITION FILED BY PLAINTIFF'S COUNSEL (Doc. 20 ) BE GRANTED, AND THAT COUNSEL THEREFORE BE AWARDED HIS REQUESTED $3,782.66 IN FEES

This is a Social Security disability benefits appeal in which the Court – acting pursuant to sentence four of 42 U.S.C. § 405(g) – reversed the non-disability finding of the Administrative Law Judge ("ALJ") below, and ordered a remand to the ALJ for additional fact-finding. *See generally Melkonyan v. Sullivan*, 501 U.S. 89, 100 (1991).

Seeking to be compensated for his work in obtaining the reversal and remand, Plaintiff's counsel has filed a fee petition for $3,782.66 pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. In a memorandum in opposition to the petition (Doc. 18), the Commissioner does not challenge the hourly rates or the 19.25 hours claimed by counsel. Instead, the Commissioner contends that no fees at all should be awarded in this case on the ground that the Commissioner's position during the litigation of this matter was substantially justified. (*See* Doc. 21.)

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

I.

The relevant procedural history of this matter is as follows: Plaintiff applied for disability benefits alleging a disability onset date of October 31, 1994. He was found disabled based on his mental impairments and entitled to disability benefits. However, in May 1998, the Agency found that Plaintiff was no longer entitled to DIB, and his benefits ceased. Thereafter, Plaintiff filed another application for disability benefits in October 1999, alleging an onset date of August 1, 1998, due to a combination of mental and physical impairments, including depression and chronic back pain caused by degenerative disc disease . (Tr. 63-65.)

Following the administrative denial of his disability claim, an ALJ found that Plaintiff suffers from a number of impairments but that he was "not disabled." Thereafter, on November 19, 2001, the ALJ issued a decision denying Plaintiff's claim. (Tr. 14-27.) Plaintiff appealed the decision, and on March 4, 2004, Magistrate Judge Sharon Ovington issued her Report and Recommendation ("R&R") remanding Plaintiff's claim for further consideration because the ALJ failed to rule on Plaintiff's request for reopening his prior decision, or, in the alternative, having re-opened the prior decision, failed to apply the correct legal standard. The R&R was adopted, and the matter was remanded for further proceedings.

On May 25, 2006, ALJ Smith issued a decision denying Plaintiff's claim on remand. On appeal, the Commissioner argued that the ALJ's non-disability finding should be found supported by substantial evidence. After reviewing the medical record,

Magistrate Judge Black found that the ALJ erred by not giving controlling weight to the opinions and findings of Plaintiff's treating physicians, and issued a Report and Recommendation that the matter be remanded for an immediate award of benefits.

In response, the Commissioner filed objections to the Report and Recommendation of Judge Black. Judge Weber found the Commissioner's argument persuasive, in part, and modified the Report and Recommendation to remand the case back to the Agency for further proceedings, not an award of benefits. Although Judge Weber determined this "is a case in which strong proof of disability exists," he also found that further fact-finding is necessary with respect to Plaintiff's daily activities, the findings by non-treating sources, and Plaintiff's refusal or inability to testify or attend the October or February hearings. That decision stands as the law of the case.

## II.

The EAJA provides that:

> [A] court shall award to a prevailing party...fees and other expenses...incurred by that party in any civil action...including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction over that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). Recognizing that Plaintiff is a "prevailing party" as defined; that this civil action was brought against the United States; to review agency action by the Social Security Administration; and in a court with proper subject matter jurisdiction, *see* 42 U.S.C. § 405(g), EAJA fees appear awardable, provided that the Commissioner's

position during this litigation was not "substantially justified," and that no "special circumstances" exist to bar a fees award.

The Sixth Circuit has explained the "substantial justification" standard as follows:

> The Supreme Court ... has adopted a reasonableness standard for determining if substantial justification exists. For the government's position to be substantially justified under the EAJA, its position must be justified in substance or in the main. Thus, the proper standard in EAJA cases is whether the government's position was justified, both in fact and law, to a degree that could satisfy a reasonable person.

*Tate v. Secretary of Health & Human Servs.*, No. 94-3992, 1995 WL 646495, at *2 (6th Cir. Nov. 2, 1995) (*per curiam*) (internal quotations and citations deleted)

Here, although Judge Weber remanded this case for further-fact finding, he also found that the ALJ failed to properly evaluate the opinions of Plaintiff's treating sources and engaged in selective consideration of the medical evidence, specifically focusing on Plaintiff's alleged drug-seeking behavior and physical impairments rather than the opinions of Plaintiff's treating physicians and treating psychologists, his assertions of disabling pain and depression, and his previous award of disability by the state agency. (Doc. 18, p. 6.)

The undersigned therefore finds that the Commissioner's decision to support the ALJ's non-disability finding during the litigation of this matter was not justified, either in fact or in law, to a degree that could satisfy a reasonable person. Accordingly, EAJA fees should be awarded to Plaintiff's counsel for his work conducted before this Court in securing the reversal and remand.

No evidence at issue suggests that special circumstances bar a fee award here, and the undersigned, after carefully reviewing the record, finds none. Furthermore, the undersigned finds that the hourly rate of $172.32 and the 19.25 hours expended that are claimed by counsel, as well as the requested $350.00 in costs, are reasonable.

V.

The undersigned therefore **RECOMMENDS** that the EAJA fee petition filed by Plaintiff's counsel be **GRANTED,** and that counsel be **AWARDED** his requested **$3,432.66** in fees and **$350.00** in costs.


Date:  September 30, 2009                     s/Timothy S. Black
                                              Timothy S. Black
                                              United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DANIEL FRAZEE,                         Case No. 1:06-cv-811

     Plaintiff,                            Judge Herman J. Weber
                                         Magistrate Judge Timothy S. Black
vs.

COMMISSIONER OF SOCIAL SECURITY,

     Defendant.

**NOTICE**

       Attached hereto is the Report and Recommended Decision of the Honorable Timothy S. Black, United States Magistrate Judge. Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations **within 10 days** after being served with this Report and Recommendation. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to 13 days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by mail, and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).